NO. 07-11-00013-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 13, 2011

ESTEBAN HUERTA FLOREZ, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 21,873-C; HONORABLE ANA ESTEVEZ, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ABATEMENT AND REMAND**

Appellant Esteban Huerta Florez appeals a judgment finding him guilty of aggravated assault with a deadly weapon and a sentence of twenty years of imprisonment with a fine of $10,000. We abate and remand the case to the trial court to resolve issues relating to the trial court reporter's record.

The clerk's record was filed in this appeal on March 7, 2011. The reporter's record was initially due February 14, 2011. On February 25, not having received a reporter's record or a motion for extension of time, we wrote the reporter, asking the status of the record. On March 3, the reporter filed her first extension request based on

appellant's failure to submit a written designation for the record. We extended the deadline to March 18. On that date, the reporter filed a second request for extension, which we granted, extending the deadline to April 18. On April 21, the reporter filed a third request for an extension, citing her caseload as the reason. We extended the deadline to May 18. On May 16, the reporter filed a fourth extension request, stating she was currently editing the record, having just received it from her scopist. We extended the deadline to June 1. On June 8, the reporter filed a fifth request for an extension of time wherein she cited work in another case and an upcoming vacation to support her request.

We abate this appeal and remand the cause to the trial court. On remand, the trial court shall utilize whatever means it finds necessary to determine the following:

1. Why the reporter's record has not been filed after four extensions of its due date;

2. When the reporter's record can reasonably be filed in a manner that does not further delay the prosecution of this appeal or have the practical effect of depriving the appellant of his right to appeal; and

3. Whether an alternate or substitute reporter should or can be appointed to complete the record in a timely manner.

If the trial court conducts a hearing, it shall cause the hearing to be transcribed. Also, it shall (1) execute findings of fact and conclusions of law addressing the foregoing issues; (2) cause to be developed a supplemental clerk's record containing its finding of fact and conclusions of law and all orders it may issue as a result of its hearing on this matter; and (3) cause to be developed a reporter's record transcribing the evidence and arguments presented at any hearing held. Additionally, the district court shall then file the supplemental clerk's record and reporter's record, if any, with the clerk of this Court

2

on or before July 13, 2011.  Should further time be needed by the trial court to perform these tasks, then same must be requested before July 13, 2011.

It is so ordered.

Per Curiam

Do not publish.